

FILED

JUL 09 2014

JUL 09 2014

MAGISTRATE JUDGE SUSAN E. COX
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | No. 14 CR 345 |
| v. |  |
| JAIME VITERI | Judge Susan E. Cox |

### PLEA AGREEMENT

1.     This Plea Agreement between the United States Department of
Justice, Tax Division, Criminal Enforcement Section, and defendant Jaime Viteri,
and his attorneys, Michael J. Kralovec and Terence Gillespie, is made pursuant to
Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule
11(c)(1)(A), as more fully set forth below.   The parties to this Agreement have
agreed upon the following:

### Charges in This Case

2.     The criminal information in this case charges defendant with willfully
failing to file individual income tax returns (Forms 1040) for the tax years 2008 and
2009, in violation of Title 26, United States Code, Section 7203.

3.     Defendant has read the charges against him contained in the criminal
information, and those charges have been fully explained to him by his attorneys.

4.     Defendant fully understands the nature and elements of the crimes
with which he has been charged.

More specifically, for defendant to be found guilty of violating Title 26 U.S.C. § 7203, as charged in the criminal information, the government must prove the following elements:

(a)     Defendant was required by law or regulation to file individual income tax returns (Forms 1040) for the tax years 2008 (Count Two) and 2009 (Count Three);

(b)     Defendant failed to file the individual income tax returns (Forms 1040) at the time required by law; and

(c)     In failing to file the said tax returns, defendant acted willfully.

## Charges to Which Defendant Is Pleading Guilty

5.     By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Counts Two and Three of the criminal information, which charges defendant with willfully failing to file individual income tax returns (Forms 1040), in violation of Title 26, United States Code, Section 7203.

## Factual Basis

6.     Defendant will plead guilty because he is in fact guilty of the charges contained in Counts Two and Three of the criminal information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

During the 2008 and 2009 tax years, in the Northern District of Illinois, Eastern Division, defendant earned and received gross income from two different

2

sources: (1) as the President and CEO of "Viteri, Inc.," d/b/a/ Chicago Latino Network ("CLN"), a solely owned media company focused on the Latino community in Chicago; and (2) as an employee and managing director of the Bureau of Entrepreneurship and Small Business at the Department of Commerce and Economic Opportunity, an Illinois State government agency. The gross income defendant earned and received from these two sources exceeded approximately $270,000 for the 2008 year and approximately $290,000 for the 2009 tax year. During these tax years, defendant was required to file individual income tax returns (Forms 1040) and report the gross income he earned in these years. Despite earning and receiving gross income from these two different sources, defendant failed to file individual income tax returns (Forms 1040) with the IRS. Well knowing and believing that he earned this gross income, and knowing that he had a legal duty to file individual income tax returns (Forms 1040) and pay taxes on the income for these tax years, defendant willfully failed to file the said income tax returns as required by law for the tax years 2008 and 2009.

### Maximum Statutory Penalties

8.      Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

a.      Count Two and Count Three each carry a maximum sentence of 12 months' imprisonment, per count. Count Two and Count Three each carry a maximum fine of $100,000, per count. Defendant further understands that the

Court may also impose a term of supervised release of not more than one year, per count.

b.    Defendant further understands that the Court can order restitution to the victim of the offense in an amount determined by the Court.

c.    In accord with Title 18, United States Code, Section 3013, defendant will be assessed $25 on each count to which he has pled guilty, in addition to any other penalty or restitution imposed.

### Sentencing Guidelines Calculations

9.    Defendant understands that in imposing the sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

10.    For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.    **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2013 Guidelines Manual.

4

b.    **Offense Level Calculations.**

Counts Two and Three

i.    The base offense level for the charges in Counts Two and Three of the criminal information, including relevant conduct, is 16, pursuant to Guideline § 2T1.1(a). Defendant, however, reserves the right to disagree with the government's tax loss calculations in determining the base offense level.

ii.    Defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Department of Justice, Tax Division, Criminal Enforcement Section, and the United States Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

iii.    In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government

5

will move for an additional one-level reduction in the offense level. Defendant reserves the right to disagree with the government's tax loss calculations in determining the base offense level.

      c.    **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points appear to be zero ("0") and defendant's criminal history category appears to be a level I.

      d.    Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the United States Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

      11.    Both parties expressly acknowledge that this Agreement is governed by Fed. R. Crim. P. 11(c)(1)(A), and that errors in applying or interpreting any of

the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the United States Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

12. Each party is free to recommend whatever sentence it deems appropriate.

13. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

14. Regarding restitution, defendant acknowledges that the total amount of restitution owed to the Internal Revenue Service is at least $80,000, and that pursuant to Title 18, United States Code, § 3663 and/or § 3663A, the Court can order defendant to make full restitution in the amount outstanding at the time of sentencing. Furthermore, defendant agrees and stipulates that he will pay restitution to the Internal Revenue Service in an amount to be determined at

7

sentencing by the Court. Defendant understands that nothing in this Agreement shall limit the IRS in its collection of any taxes, interest or penalties from defendant. Defendant also understands that the amount of tax calculated by the IRS may exceed or be less than the amount of agreed restitution as calculated for the criminal case.

15.     Defendant understands and agrees that if he fails to pay restitution as ordered by the Court, the failure can be considered a violation of probation or supervised release and, pursuant to 18 U.S.C. § 3614, the Court can resentence defendant to any sentence which might originally have been imposed in his case.

16.     In addition, defendant understands and agrees to the following provisions with respect to a Court order of restitution and related restitution payments to the Internal Revenue Service:

      (a) Defendant understands and agrees that any restitution imposed by the Court may neither be discharged in whole or in part in any present or future bankruptcy proceeding involving the defendant nor may defendant seek a refund from the Internal Revenue Service ("IRS") based on the amount of restitution;

      (b) Defendant understands and agrees to sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of the tax defendant has agreed to pay, or is ordered to

pay, as restitution, and defendant also agrees to sign IRS Form 8821, "Tax Information Authorization."

(c) Defendant understands and agrees not to file any claim for refund of taxes or interest represented by any order of restitution to the IRS.

(d) Defendant understands and agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise his obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties ("civil liabilities") owed to the IRS for the time period(s) covered by this agreement or any other time period.

(e) Defendant understands and agrees that, if the Court orders him to pay restitution to the IRS for the failure to file income tax returns or pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4).

(f) Defendant understands and agrees that neither the existence of a restitution payment schedule nor his timely payment of restitution according to such schedule will preclude the IRS from

administrative collection of the restitution-based assessment, including through levy and distraint under 26 U.S.C. § 6331.

(g) Defendant understands and agrees that he is not entitled to receive credit from the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the IRS and identified by it as pertaining to his particular liability.

(h) Defendant understands and agrees that, unless the Director of the Administrative Office of the United States Courts directs him otherwise, all payments made pursuant to the Court's restitution order are to be sent only to the United States Treasury Department at the following address:

> IRS – RACS
> Attn: Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
> Kansas City, MO 64108

(i) Defendant understands and agrees that with each payment to the Internal Revenue Service made pursuant to the District Court's restitution order, defendant understands and agrees that he will provide the following information with all payments:

> 1. Defendant's name and Social Security number;
> 2. The District Court docket number assigned to this case;

10

      3.   Tax year(s) or period(s) for which restitution has been ordered; and

      4.   A statement that the payment is being submitted pursuant to the District Court's restitution order.

(j) Defendant understands and agrees that this Plea Agreement does not have any binding effect on the IRS's civil division or any administrative section of the IRS.

(k) Defendant further understands and agrees that the IRS may take other action, notwithstanding this Plea Agreement, and that this Plea Agreement satisfies only defendant's criminal tax liability.

17.    Restitution shall be due immediately and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the United States Department of Justice (and/or the United States Attorney's Office for purposes of collecting the restitution) of any material change in economic circumstances that might affect his ability to pay restitution.

18.    Defendant agrees to pay the special assessment of $25 per count (totaling $50) at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

11

19.     Defendant agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any payment schedule set by the Court.

20.     After sentence has been imposed on the counts to which defendant pleads guilty as agreed herein, the government will move to dismiss any remaining counts against defendant.

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

21.     This Agreement is entirely voluntary and represents the entire agreement between the United States Department of Justice, Tax Division, Criminal Enforcement Section, and defendant Jaime Viteri regarding his criminal liability as set forth in this plea agreement and this criminal case.

22.     This Agreement concerns criminal liability only.  Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity.  The obligations of this Agreement are limited to the United States Department of Justice, Tax Division, Criminal Enforcement Section, and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

**Waiver of Rights**

23.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.     **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i.     The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.     If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.     If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment

separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi. At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

b. **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the

14

sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

24.     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorneys have explained those rights to him, and the consequences of his waiver of those rights

### Presentence Investigation Report/Post-Sentence Supervision

25.     Defendant understands that the United States Department of Justice, Tax Division, Criminal Enforcement Section, in its submission to the United States Probation Office as part of the Pre-Sentence Report, and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

26.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Department of Justice, Tax Division, Criminal Enforcement Section, regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be

used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

27.     For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the United States Probation Office and the United States Department of Justice, Tax Division of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced.  Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Other Terms

28.     Defendant agrees to cooperate with the United States Department of Justice, Tax Division, Criminal Enforcement Section, in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Department of Justice, Tax Division, Criminal Enforcement Section.

16

## Conclusion

29.     Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

30.     Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

31.     Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

17

32.     Defendant and his attorneys acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

33.     Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorneys. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: _July 9, 2014_

_Larry J. Wszalek / h_  (CM)
LARRY J. WSZALEK
Chief
United States Department of Justice
Tax Division
Western Criminal Enforcement Section

_Jaime Viteri_
JAIME VITERI
Defendant

_CJM_
CHRISTOPHER J. MAIETTA
Trial Attorney
United States Department of Justice
Tax Division
Western Criminal Enforcement Section

_Mike Kravolec_  (MK)
MICHEAL J. KRAVOLEC
Attorney for Defendant

_Terence P. Gillespie_  (TPG)
TERENCE GILLESPIE
Attorney for Defendant

18